IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> GUYNES PRINTING COMPANY OF § <br> TEXAS, INC., § <br> § <br>    Debtor. § <br> ——————————————— § <br> J. MARSHALL MILLER, Chapter 7 § <br> Trustee § <br> § <br>    Plaintiff, § <br> § <br> v. § <br> § <br> BOUTWELL, OWENS & CO., INC., § <br> GUYNES PACKAGING AND § <br> PRINTING OF TEXAS, LLC, DAVID § <br> TIDBALL, TIMOTHY GALLEGLY § <br> and GENE MAGRUDER, § <br> § <br>    Defendants. § | 15-cv-149-KC |

## ORDER

On this day, the Court considered Defendants Guynes Packaging and Printing of Texas, LLC's ("GPPC") and Boutwell, Owens & Co., Inc.'s ("Boutwell") (collectively, the "Corporate Defendants") Motion to Withdraw the Reference (the "Motion"), ECF No. 1-2, in the above-captioned case (the "Case"). For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

On September 26, 2014, Guynes Printing Company of Texas, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. *See* Trustee's Original Compl. to Recover Fraudulent Transfers, for Turnover of Property of the Estate and to Obtain

1

Other Relief ¶ 10 ("Complaint"), ECF No. 1-3.  On that same date, Plaintiff J. Marshall Miller ("Plaintiff") was duly appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate.  *Id.*

On February 11, 2015, Plaintiff filed an adversary proceeding in bankruptcy court asserting various causes of action against the Corporate Defendants and certain of the Debtor's shareholders (the "Shareholders").  *See id.* ¶¶ 5-9, 12.  As relevant here, the Complaint alleges that six months prior to the Debtor filing a voluntary claim for bankruptcy, the Shareholders entered into an Asset Purchase Agreement with the Corporate Defendants whereby GPPC acquired substantially all of the Debtor's assets for an amount far less than fair market value.  *Id.* ¶¶ 12, 20.  As a result, Plaintiff brings numerous causes of action against the Shareholders and the Corporate Defendants, including claims for fraudulent transfer and civil conspiracy.  *Id*. ¶¶ 35-73.

On May 1, 2015, the Corporate Defendants filed the Motion, and on May 6, 2015, Plaintiff filed his Response to Motion to Withdraw the Reference ("Response"), ECF No. 1-9.

## II.     DISCUSSION

By the Motion, the Corporate Defendants argue that the Court must withdraw the reference to bankruptcy court under 28 U.S.C. § 157(d) because the Corporate Defendants are entitled to a jury trial on Plaintiff's fraudulent transfer and civil conspiracy claims.  *See* Mot. 3-4.  The Corporate Defendants further argue that it "is both logical and in furtherance of judicial economy that the reference be withdrawn without delay to permit the Court that will preside over the trial to become familiar with the parties' claims and defenses in the case."  *Id.* at 5-6.

Plaintiff concedes that the Corporate Defendants timely filed their jury demand, but contends that, "[a]t this early stage of the adversary proceeding, it is impossible for the Court to determine with any reasonable certainty whether a jury trial *must* be conducted."  Resp. 2, 4.

Plaintiff further argues that even if the Corporate Defendants are entitled to a jury trial, an immediate withdrawal of the reference is unnecessary because "pretrial matters may still appropriately be handled in bankruptcy court." *Id.* at 3.

Under § 157(d), a district court may withdraw the reference to bankruptcy court if there is "cause shown." 28 U.S.C. § 157(d); *see also Wellness Int'l Network, Ltd. v. Sharif*, --- U.S. ----, 135 S. Ct. 1932, 1939, 1945 (2015) (observing that "bankruptcy courts hear matters solely on a district court's reference . . . which the district court may withdraw *sua sponte* or at the request of a party"). Although the statute does not define "cause shown," the Fifth Circuit has explained that the decision "must be based on a sound, articulated foundation." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985). In *Holland*, the Fifth Circuit identified a list of factors that district courts should weigh when determining whether to withdraw a reference to bankruptcy court. *See id.* at 998-99. This Court has previously summarized those factors as follows: "(A) whether the matter is a core or a non-core proceeding, (B) whether there is a right to a jury trial, (C) whether withdrawal promotes efficiency, and (D) whether withdrawal raises forum shopping concerns." *See City Bank v. Compass Bank*, No. EP-11-MC-372-KC, 2011 WL 5442092, at *3 (W.D. Tex. Nov. 9, 2011) (citing *Holland*, 777 F.2d at 998; *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 874 (E.D. La. 2011); *In re EbaseOne Corp.*, Bankruptcy No. 01–31527–H4–7, 2006 WL 2405732, at * 2 (Bankr. S.D. Tex. June 14, 2006)). The Court discusses the applicable factors below.

### A.     Core versus Non-Core Proceeding

The first *Holland* factor to consider is whether the claims at issue are "core" or "non-core" proceedings under bankruptcy law. *See Holland*, 777 F.2d at 999; *see also In re Gulf States*, 455

B.R. at 874. This distinction is significant because, absent consent, a bankruptcy judge is not statutorily authorized to enter final judgments in non-core proceedings. 28 U.S.C. § 157(c); *see also Wellness*, 135 S. Ct. at 1940. Instead, a bankruptcy judge may only "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge." *Id.* § 157(c)(1); *see also Wellness*, 135 S. Ct. at 1940.

Core proceedings are those "that arise in a bankruptcy case or under Title 11." *Stern v. Marshall*, --- U.S. ----, 131 S. Ct. 2594, 2605 (2011); *see also Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). However, even if a matter is a core proceeding under § 157(b), the Supreme Court has held that Article III of the Constitution prohibits a bankruptcy court from entering final judgment on a state law claim, when that claim is independent of a federal statutory scheme. *See Stern*, 131 S. Ct. at 2614-15, 2620. Instead, when a bankruptcy court is confronted with such claims, it should "issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court." *Exec. Benefits Ins. Agency v. Arkison*, --- U.S. ----, 134 S. Ct. 2165, 2168 (2014).

Here, the Corporate Defendants contend that the Case "contains a mix of core and non-core matters." Statement Regarding Consent ¶ 3, ECF No. 1-15; *see also* Answer to Trustee's Compl. ¶ 2, ECF No. 1-14. Specifically, they claim that "Plaintiff's fraudulent transfer, preferential transfer, and turnover causes of action are likely core," and "Plaintiff's breach of fiduciary duty, civil conspiracy, and conversion causes of action are likely non-core." Statement Regarding Consent ¶ 3.

For the purpose of this Motion, the Court assumes that the Corporate Defendants are

4

correct in asserting that the Case contains a mixture of core and non-core matters. Even so, the Court finds that it is more efficient to allow the Case to proceed in the bankruptcy court. For the core matters, a bankruptcy judge can enter a final judgment. For the non-core proceedings, the bankruptcy court can handle all pretrial matters, and issue findings of fact and conclusions of law for any dispositive motions that this Court will then review de novo. *See* 28 U.S.C. § 157(c)(1); *Wellness*, 135 S. Ct. at 1940. Thus, although the Case may contain a mix of core and non-core matters, "'at this stage of the proceeding, it is premature to find that this factor favors withdrawal of the reference.'" *Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh*, 516 B.R. 850, 856 (E.D. La. 2014) (quoting *In re OCA, Inc.*, Civil Action No. 06-3811, 2006 WL 4029578, at *4 (E.D. La. Sept. 19, 2006)).

  **B.**  **Right to a Jury Trial**

The second factor to consider – and the one that the Corporate Defendants focus on in their Motion – is whether the parties have a right to a jury trial. This factor is relevant to the *Holland* analysis because a bankruptcy judge lacks the authority to conduct a jury trial unless the parties consent. *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994); *see also* 28 U.S.C. § 157(e). However, even if a party has a right to a jury trial, immediate withdrawal of the reference is not required. *See Wadleigh*, 516 B.R. at 854-55 (collecting cases). Indeed, a district court has discretion to allow the bankruptcy court to manage the pretrial proceedings. *See, e.g.*, *In re Centrix Fin., LLC*, Civil No. 09-CV-00088-PAB, 2009 WL 1605826, at *3 (D. Colo. June 8, 2009) ("[I]t is within the district court's discretion to determine at what stage in the proceedings the reference should be withdrawn."); *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008) ("[W]ithdrawal should be deferred until [the bankruptcy] court has ruled on all

dispositive motions, to further judicial economy and expedite the bankruptcy process."); *In re OCA*, 2006 WL 4029578, at *5 ("[A] number of courts have held that even if a party does have a right to a jury trial, a motion to withdraw is premature until such time [as] it is determined that a jury trial must be conducted."); *Gen. Elec. Capital Corp. v. Teo*, No. CIV. 01-CV-1686(WGB), 2001 WL 1715777, at *5 (D.N.J. Dec. 14, 2001) ("[E]ven when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not 'preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.'" (quoting *In re Lands End Leasing, Inc.*, 193 B.R. 426, 436 (Bankr. D.N.J. 1996))).

Applying these standards here, even if the Corporate Defendants are correct that they are entitled to a jury trial on at least one of Plaintiff's claims, *see* Mot. 3 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41, 48-49 (1989)), "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court."[1]  *See In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007); *see also Levine*, 400 B.R. at 203; *In re OCA*, 2006 WL 4029578, at *5.  To the contrary, as explained below, efficiency considerations militate in favor of maintaining the reference in bankruptcy court until such a time as the Case must proceed to trial.

### C. Efficiency Considerations

Efficiency is a critical factor in the *Holland* analysis.  *See Holland*, 777 F.2d at 999. According to the Fifth Circuit, in determining whether to withdraw the reference in a bankruptcy case, district courts should consider the goals of promoting uniformity in bankruptcy

---

[1] The Court makes no finding on whether the Corporate Defendants are actually entitled to a jury trial on any of Plaintiff's claims.

administration, fostering the economical use of the debtor's and creditors' resources, and expediting the bankruptcy process.  *See id.*

Here, efficiency concerns counsel in favor of allowing the Case to proceed in bankruptcy court.  First, if the Case is in fact a mixture of core and non-core proceedings, as the Court assumes and as the Corporate Defendants assert, it is more efficient for the bankruptcy court to handle all pretrial proceedings in the Case.  Subject to the Supreme Court's decisions in *Stern v. Marshall*, --- U.S. ----, 131 S. Ct. 2594 (2011) and *Executive Benefits Ins. Agency v. Arkison*, --- U.S. ----, 134 S. Ct. 2165 (2014), the bankruptcy court can determinatively rule on the core proceedings, and the parties or the district court can move to withdraw only the non-core proceedings and any *Stern* claims when and if it is determined that a jury trial is indeed required.  *See, e.g.*, *Wadleigh*, 516 B.R. at 855-56.  This will conserve judicial resources by only allowing the non-core proceedings to be withdrawn to the district court.  *See id.*

Moreover, the bankruptcy court's familiarity with the Case and expertise in bankruptcy matters also weigh against immediately withdrawing the reference.  The Corporate Defendants argue that immediate withdrawal from the bankruptcy court will promote efficiency because the bankruptcy court "has not heard arguments on any substantive matters or made any substantive rulings on any claims or defenses."  *See* Mot. 5.  However, the Corporate Defendants do not offer any reason, and the Court sees none, as to why pretrial matters cannot continue in the bankruptcy court.  *See id.*  Indeed, under the circumstances, "maintaining the current arrangement is preferable to conducting duplicative pretrial proceedings."  *In re OCA, Inc.*, 2006 WL 4029578, at *5; *see also Wadleigh*, 516 B.R. at 856 ("Allowing the bankruptcy court to supervise all pretrial and discovery matters will prevent a duplication of effort that would result from maintaining

separate but closely related proceedings.").

### E. Weighing the Factors

In sum, the *Holland* factors counsel this Court against granting the Corporate Defendants' Motion and withdrawing the reference to the bankruptcy court.   Although certain Defendants may be entitled to a jury trial on some of Plaintiff's claims, allowing the bankruptcy court to oversee pretrial proceedings does not infringe on the Corporate Defendants' Seventh Amendment right. *See Adler v. DJ Robinson Const. Inc.*, Civil Action No. 13-5521, 2013 WL 5507152, at *3 (E.D. La. Oct. 1, 2013); *In re Centrix*, 2009 WL 1605826, at *4; *Levine*, 400 B.R. at 203.   Maintaining the reference will be more efficient because the bankruptcy court is familiar with the Case, and allowing the bankruptcy court "to function much like [a] magistrate[]" could considerably expedite the litigation.   *See Holland*, 777 F.2d at 999; *see also Wadleigh*, 516 B.R. at 856. Therefore, the Court **DENIES** the Motion to withdraw the reference from the bankruptcy court.

### III. CONCLUSION

For the foregoing reasons, the Corporate Defendants' Motion, ECF No. 1-2, is **DENIED** without prejudice to renewal at the appropriate time.

The Clerk shall close the Case.

**SO ORDERED**.

SIGNED this 19th day of June, 2015.

*[signature: Kathleen Cardone]*

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE